# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **CASE NO. 5:23-cr-56-JA-PRL-5**

**DIEGO NAVARRO-MARTINEZ**

---

### ORDER

Before the Court is Defendant Diego Navarro-Martinez's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 1023). Martinez seeks a sentence reduction under Amendment 821 to the Sentencing Guidelines, which applies to certain zero-point offenders and limits the use of status points. *See United States v. Arroyo-Mata*, 730 F. Supp. 3d 1323, 1323 (N.D. Ga. 2024) (stating that Amendment 821 "provides a two-offense level reduction for defendants with zero criminal history points"); *see also United States v. Vente-Orobio*, No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024) (denying motion for compassionate release pursuant to Amendment 821 because the defendant was not a zero-point offender and was not assessed any status points).

The Federal Public Defender, who was appointed for this proceeding, submits a memorandum (Doc. 1040), detailing that Martinez is ineligible for a

sentence reduction under this amendment because he "received two criminal history points and did not receive any status points." (*Id.* at 3). Indeed, at the time of sentencing, Martinez's criminal history score of two resulted in a criminal history category of II. (Doc. 967 at 1). His criminal history score did not include any status points. Thus, Martinez is ineligible for a sentence reduction under Amendment 821 because he is not a zero-point offender and he did not receive any status points.

Accordingly, Martinez's motion for a sentence reduction (Doc. 1023) is **DENIED**.

**DONE** and **ORDERED** on January _8_, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant
Diego Navarro-Martinez